UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND, and JOHN J.
VIRGA, in his fiduciary capacity as Director; and
ROBERT BONANZA, as Business Manager of
the MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2017

Plaintiffs,

17 Civ. 5695 (AT)

**OPINION AND ORDER**

-against-

GRAHAM RESTORATION CO. INC.,

Defendant.

ANALISA TORRES, District Judge:

On July 27, 2017, Plaintiffs filed a petition to confirm an arbitration award of $34,659.96. ECF No. 1. The Court ordered that Plaintiffs proceed by motion for summary judgment. ECF No. 6. On August 4, 2017, Plaintiffs filed their motion for summary judgment. ECF No. 8. For the reasons stated below, Plaintiffs' motion is GRANTED.

## BACKGROUND

At all times relevant to this action, Defendant Graham Restoration Co. Inc. ("Graham"), was a party to a collective bargaining agreement (the "CBA") with Plaintiffs. *See* Savci Decl., Ex. 2, ECF No. 9. Article X of the CBA provides for the parties to resolve disputes through grievance procedures. *Id.* at 27. For any dispute not resolved through these procedures, "the Union may appeal the dispute to arbitration." *Id.*

On June 6, 2016, Plaintiffs submitted a Notice and Demand for Arbitration to Defendant, requesting "arbitration on the issue of whether it had made contributions and other monies to the Funds covering work performed by its employees." Savci Decl. ¶ 17. On June 17, 2016, the arbitrator sent an email, registered letter, and first class letter to the parties, scheduling an arbitration hearing on July 12, 2016 at Plaintiffs' office in New York City. Savci Decl., Ex. 1, at 1–2 ("Arbitration Op."). On July 12, 2016, Defendant failed to appear and thereby defaulted. *Id.* at 2. After reviewing Plaintiffs' exhibits, on July 27, 2016, the arbitrator awarded $34,659.96 to Plaintiffs for fringe benefits, dues, and PAC contributions owed to Plaintiffs, as well as fees, interest, and damages. *Id.* at 3. Specifically, the arbitrator awarded (1) $27,144.78 for delinquent contributions for fringes, (2) $4,177.68 for delinquent contributions for dues and PAC, (3) $612.50 in interest as of July 8, 2016, (4) $1,225.00 in damages, (5) $500.00 in legal fees, and (6) $1,000.00 in pro-rated arbitrator fees. *Id.*

One year later, on July 27, 2017, Plaintiffs filed a petition to confirm the arbitration award. ECF No. 1. On August 24, 2017, Defendant filed a declaration in opposition explaining that Defendant defaulted in the arbitration because it had already agreed to pay Plaintiffs. DiCaterino Decl., ¶¶ 3–8, ECF No. 16. Defendant further stated that it had paid $20,000 to the Mason Tenders District Council Trust Fund and that it opposes Plaintiffs' motion only to the extent that the judgment entered in Plaintiffs' favor should be reduced by $20,000—that is, to $14,659.96. *Id.* ¶ 9.

Plaintiffs concede that Defendant has made $20,000 in payments, Joint Letter, at 2, ECF No. 22, but maintain that Defendant's payment should not be credited because Defendant has been, admittedly, *id.* at 1, "unwilling to provide remittance reports as to how this $20,000.00 is to be directed among its employees as required at Article 16, Section 15(a) and (j) of the collective bargaining agreement," *id.* at 2. Defendant responds that Plaintiffs' argument is "irrelevant," as Plaintiffs "can allocate the money anyway [*sic*] it desires." *Id.* at 1.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

### II. Confirmation of Arbitration Award

As the parties agree both that Defendant owed Plaintiffs $34,659.96 and that Defendant has made a payment of $20,000.00 to Plaintiffs, there is only one dispute before the Court. The question is whether Defendant's partial compliance without providing remittance reports should affect the Court's judgment confirming the arbitration award—that is, whether the partial compliance should reduce the judgment by $20,000.00 to $14,659.96. Plaintiffs characterize Defendant's attempt to reduce the judgment as an attempt to modify the award, which Plaintiffs argue is time-barred by New York CPLR § 7511.

The Court declines to reach the parties' only remaining dispute. "A district court confirming an arbitration award does little more than give the award the force of a court order. At the confirmation stage, the court is not required to consider the subsequent question of compliance." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). In the context of a petition to confirm an arbitration award where, as here, the non-movant has not contested the award, the Court's obligation is only to "examin[e] the moving party's submission to determine if it has met

its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted). This burden is minimal. Review of an arbitral award is "severely limited" so as not to frustrate the federal policy favoring arbitration. *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865, 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011). An award should be confirmed so long as there is at least "a barely colorable justification for the outcome reached by the arbitrator[]." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted).

Here, the arbitrator's decision provides more than "a barely colorable justification." *Id.* After holding a hearing and considering Plaintiffs' evidence, the arbitrator issued the award. Arbitration Op., at 2–3. There is no indication that the arbitrator acted arbitrarily or exceeded the scope of his authority in entering the award. And Defendant has failed to raise any possible defenses to the confirmation of the award. *See D.H. Blair & Co.*, 462 F.3d at 112 ("Because the Broker's motion to confirm was unopposed, confirmation of the entire arbitral award is appropriate."). No material issue of fact remains. On this record, confirmation of the award is warranted.

The Court takes no position on whether Defendant has partially complied.

## CONCLUSION

For the reasons stated above, the arbitration award is CONFIRMED. Pursuant to the award, Defendants are required to pay: (1) $27,144.78 for delinquent contributions for fringes, (2) $4,177.68 for delinquent contributions for dues and PAC, (3) $612.50 in interest as of July 8, 2016, (4) $1,225.00 in damages, (5) $500.00 in legal fees, and (6) $1,000.00 in pro-rated arbitrator fees.

The Clerk of Court is directed to enter judgment in favor of Plaintiffs in accordance with the rulings set forth above and to close the case.

SO ORDERED.

Dated: December 19, 2017
New York, New York

_____
ANALISA TORRES
United States District Judge